HOSEA BROOKS v. THE STATE.

No. 5425.    Decided June 11, 1919.

**Aggravated Assault—Plea of Guilty—Mistake—Motion for New Trial.**

Where, upon trial for aggravated assault, the defendant pleaded guilty thereto, under a misunderstanding with the County Attorney, and an excessive fine was imposed by the trial judge upon information which he privately gathered outside of court and not from sworn witnesses confronting the defendant with a right of cross-examination, the motion for new trial should have been granted, although this is a misdemeanor.

Appeal from the County Court of Smith. Tried below before the Hon. W. R. Castle.

Appeal from a conviction of aggravated assault; penalty, fine of one hundred dollars.

The opinion states the case.

*Nat. W. Brooks,* for appellant.—Cited Bell v. State, 32 Texas Crim. Rep., 436; McWilliams v. State, 32 Texas Crim. Rep., 269.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an assault upon his wife, his punishment being assessed at a fine of $100 and sixty days in jail.

Briefly stated, the record shows Mr. Longley, a friend of appellant, went on his bond, saw the county attorney, and had an agreement with him to the effect that appellant should plead guilty and receive a fine of $25. Longley stated his reasons for making this agreement was that he was himself busy and would be detained at court for some time as would defendant in attendance upon the trial, and it was cheaper for him to pay $25 for defendant than to attend court and be away from their business. The county attorney did not agree altogether with Mr. Longley with reference to the statement. He recalled the conversation, but said he did not make any positive agreement with Mr. Longley as to any definite amount of punishment, but told Mr. Longley that the smallest fine would be $25. Mr. Longley informed appellant of the fact that he agreed he should plead guilty and take $25, and that he, Longley, would pay it off and settle the matter. Under this understanding appellant pleaded guilty. Appellant was not aware of the issue or controversy between Mr. Longley and the county attorney with reference to the matter. He pleaded guilty with the understanding that his punishment would be assessed at $25. After he pleaded guilty the court took the matter' it seems under advisement, and talked with appellant's wife with reference to the assault and the attendant circumstances, and also sent for the physician who attended her and asked him with reference to the nature of the wound. The evidence obtained by the county judge seems to have been to the effect that appellant struck his wife with a Winchester rifle on the head. All this information was gathered by the county judge privately and not in open court, nor were the witnesses sworn, nor were they questioned in open court, and it was all done without the knowledge of appellant as to what facts were given the county judge. When this was ascertained the county judge fixed the punishment as stated.

When Longley and appellant ascertained the condition of things they employed a lawyer and moved for a new trial, setting up these matters, and especially the fact that the county judge had taken the

testimony of these parties without being sworn, and without the knowledge or participancy in any way by the appellant, and that he had a right to have a trial under those circumstances, with a view of cross-examining these witnesses and introducing his testimony. This the court declined. Had appellant been permitted, he alleges, and the bill of exceptions reasonably shows, he would have put in defensive matters showing that he was not the aggressor; that his wife and sister-in-law attacked him, and that he was only resisting, and in fact would have elicited from them on cross-examination facts which would tend to show self-defense, and extenuating circumstances that would exonerate or minimize the punishment. We are of opinion that appellant ought to have had the new trial. The court had no authority under the circumstances to seek the information and testimony he did in the manner in which it was done and visit this upon appellant without giving him a chance to meet those facts. Had the judge not sought these witnesses, and ascertained these facts without the knowledge or concurrence of appellant, we would have had a different case under his plea of guilty. He had a right to be confronted by the witnesses against him, and a right to cross-examine and to put in any rebutting testimony he saw proper. The court might have had these witnesses brought into court and had them sworn and examined. This would have given appellant an opportunity to cross-examine, and to rebut with any testimony he saw proper; We think under the Bill of Rights and the law appellant had a right to be confronted with the witnesses against him and hear their testimony when it was to be used in enhancing punishment. It is true that in misdemeanor cases it is not necessary on a plea of guilty to introduce evidence, but when evidence is introduced it must be done in accordance with the rules of law so that appellant may meet any adverse circumstance or weight that might be given the testimony. We are of opinion, therefore, appellant was entitled to a new trial. The court refused to hear him because he had plead guilty and refused to permit him to include his defensive matters in the record.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*