WILEY FRANKLIN v. THE STATE.

No. 5479.   Decided October 22, 1919.

Aggravated Assault—Agreement Between Counsel.

Where, upon trial of assault to murder and a conviction of aggravated assault, it appeared from the record on appeal that defendant pleaded guilty

to an aggravated assault in the County Court according to an agreement between the parties, the judgment must be affirmed in the absence of a showing that defendant was misled.

Appeal from the County Court of Smith. Tried below before the Hon. W. R. Castle, judge.

Appeal from a conviction of aggravated assault; penalty a fine of one hundred dollars and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault and battery, his punishment being assessed at a fine of $100 and thirty days imprisonment in the county jail.

Whether there was any evidence introduced upon a plea of guilty is not shown. The motion for new trial is based upon substantially the following statement: That appellant was indicted by the grand jury for assault with intent to murder. He employed lawyers to defend. One of his attorneys subsequently informed him that the district attorney and his attorneys had a conversation with reference to his case pending in the District Court for assault to murder, and the district attorney informed his attorney that he did not believe the facts would justify a prosecution for an assault to murder, and if defendant would plead guilty to an aggravated assault in the County Court he would dismiss the prosecution. This was done and appellant pleaded guilty in the County Court and received the punishment above mentioned. On motion for new trial he filed an affidavit setting up the matter as it occurred between his counsel and the district attorney. The attorney files an affidavit that those facts were true. Another clause of the motion for new trial, contained in the affidavit, was that the party alleged to have been assaulted had been familiar with appellant's wife, or that appellant so believed, and he had warned the assaulted party to keep away from and let her alone. That some time subsequent to this he came home and found the party talking with his wife. He ran in the house, got his gun, and as the party ran away he shot at him about seventy-five yards distance with small shot. He further swears, which is supported by his counsel in the affidavit, that his lawyer told him he did not know what his fine would be but supposed $25 and costs, totalling about $50 or $60. Under these circumstances he pleaded guilty.

There is no allegation or attempt to show that he was misled by the court, or by the prosecuting officers; that his conclusion as to the amount of the fine and costs was based upon what his counsel said he supposed would be the punishment. We are of opinion this

does not make a showing which would entitle him to a new trial. He knew all these facts and could have introduced them before the court had he deemed it proper in mitigation of his punishment under the plea of guilty. Had he been misled by the officers, as was done in the case of Brooks v. State, 85 Texas Crim. Rep., 431, we would have had a different question, but there is no allegation or intimation he was so misled. We are of opinion there is no such error shown as would justify a reversal of the judgment and it is ordered to be affirmed.

*Affirmed.*