WILLIAM HENRY WOLFE V. STATE.

No. 24253. Delivered February 2, 1949.
Rehearing Denied March 16, 1949.

*Byron Matthews,* Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of an aggravated assault, and his punishment was assessed at confinement in the county jail for a period of two years.

It was charged in the indictment that on or about the 28th day of February, A. D. 1948, in the County of Tarrant, State of Texas, William Henry Wolfe did then and there unlawfully commit an aggravated assault upon one Ruby Ann Moore; that appellant was then and there an adult male person and the injured party a female child.

Appellant entered a plea of guilty to the court who assessed his punishment as above stated. After his conviction, he engaged the services of an attorney who filed a motion for a new trial wherein it is alleged; first, that appellant was advised by the arresting officer the best thing to do was to plead guilty and take a small fine since it was the cheapest and quickest way to get out; that he believed said officer, relied thereon, and entered the plea as aforesaid; second, that no evidence was heard by the court and he was not confronted with his accusers.

It seems than on the hearing of the motion the court heard evidence relative to the allegations therein and upon the conclusion thereof overruled the same. We have reviewed the evidence adduced on the hearing of the motion, and have reached the conclusion that the court was justified in overruling the same. Ordinarily the granting or refusal of a motion for a new

trial rests within the sound discretion of the trial court, and unless an abuse of his discretion to the prejudice of the accused is made to appear, this court would not be authorized to disturb the trial court's conclusion on the subject. See Branch v. State, 35 Tex. Cr. R. 304 (33 S. W. 356) ; and Franklin v. State, 86 Tex. Cr. R. 147 (215 S. W. 304).

No error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

For the first time in any court appellant raises the question which he claims to be fundamental, namely, that the complaint and information herein were presented in, and relate to, the County Court at Law No. 1 of Tarrant County, but same were filed in and this cause was tried in the newly created Criminal District Court No. 2 of such county. In the complaint herein, there is not found the name of any court although same appears to have been filed in such Criminal District Court No. 2 on May 7, 1948. In the information, it is shown that the District Attorney presented same in County Court at Law No. 1; however, it bears the file mark of May 7, 1948, in Criminal District Court No. 2.

We find in the Acts of the 50th Legislature, page 636, Chapter 337, an act creating an additional criminal district court for Tarrant County, such act being passed June 4, 1947, and taking effect 90 days after June 6, 1947. This act abolished County Court at Law No. 1 of Tarrant County and created Criminal District Court No. 2 thereof, giving such court criminal jurisdiction over felonies and misdemeanors; also power to transfer such causes from one district court to another district court in such county; giving concurrent jurisdiction to the County Court at Law No. 2; and also giving the new court jurisdiction of misdemeanor cases on file in said county court at law on appeal from the lower courts.

We think the fact that the statement in the information that same was presented in County Court at Law No. 1 was but an error that could have been corrected, and that the immediate and only filing of same in Criminal District Court No. 2 evi-

denced fact that same was but a clerical error and was but a matter of form and not of substance, the record showing also a trial in Criminal District Court No. 2, and no mention made of such error and no effort made to correct the same. We do not think such evident failure to correctly state the court in which same was presented would become a fundamental error causing a reversal thereof.

Therefore, the motion will be overruled.